Joseph Agostino
Greenberg Traurig, LLP
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
Tel: (973) 443-3572
Fax: (973) 295-1292
agostinoj@gtlaw.com

*Counsel for TrainingMask, LLC and
Casey J. Danford*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TRAININGMASK LLC AND CASEY J. DANFORD,**  Plaintiffs,  v.  **MY CORP, LLC d/b/a BIG MIKE'S FITNESS; and LIKE EXERCISE INC.,**  Defendants. | Case No. 1:15-cv-06789-RMB-KMW  Jury Trial Demanded  Motion Date:  January 19, 2016 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
<u>MOTION FOR DEFAULT JUDGMENT</u>**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................. 1

II. FACTUAL AND PROCEDURAL BACKGROUND......................................................... 2

III. LEGAL ARGUMENT ........................................................................................................ 3

    A. Plaintiffs are Entitled to Default Judgment............................................................. 3

        1. The Court has Subject Matter Jurisdiction and Personal Jurisdiction over Defendants Entitling the Court to Enter a Default Judgment ........................................................................................ 4

        2. Plaintiffs have Stated a Cause of Action that Merits Entry of a Default Judgment ............................................................................................ 5

    B. Plaintiffs elect statutory damages for Defendants' willful infringement................ 7

    C. Plaintiffs are Entitled to a Permanent Injunction .................................................... 8

    D. Plaintiffs are Entitled to an Order of Destruction ................................................. 10

    E. Plaintiffs are entitled to attorney fees ................................................................... 11

IV. CONCLUSION ................................................................................................................. 11

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Antenna Television, A.E. v. Aegean Video Inc.*,
    1996 U.S. Dist. LEXIS 7643, No. 95- CV-2328 (ERK), 1996 WL 298252
    (E.D.N.Y. April 23, 1996) ...................................................................................................10

*Apex Fountain Sales, Inc. v. Flo Aire, Inc.*,
    1993 U.S. Dist. LEXIS 13147, No. Civ. A. 83-6153, 1993 WL 261705 (E.D.
    Pa. July 7, 1993) ..................................................................................................................10

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...............................................................................................................6

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ...............................................................................................................6

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*,
    21 F. 3d 1558 (Fed. Cir. 1994) ..............................................................................................5

*Chamberlain v. Giampapa*,
    210 F.3d 154 (3d Cir. 2000) ..................................................................................................4

*Chanel, Inc. v. Gordashevsky*,
    558 F. Supp. 2d 532 (D.N.J. 2008) .......................................................................................5

*Comcast Cable Commc'ns v. Weigel*,
    No. 05-2016 9RBK), 2006 U.S. Dist. LEXIS 63018 (D.N.J. Aug. 22, 2016) ....................6, 7

*Comdyne I, Inc. v. Corbin*,
    908 F.2d 1142 (3d Cir. 1990) ............................................................................................3, 6

*Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*,
    250 F.R.D. 171 (D.N.J. 2008) ...............................................................................................5

*eBay Inc. v. MercExchange, L.L.C.*,
    547 U.S. 388 (2006) ...........................................................................................................8, 9

*Flanagan v. Continental Apparel Corp.*,
    1996 U.S. Dist. LEXIS 12102 (S.D.N.Y. Aug. 20, 1996) .....................................................10

*IMO Indus., Inc. v. Kiekert AG*,
    155 F.3d 254 (3d Cir. 1998) ..................................................................................................4

*International Shoe Co. v. Washington*,
　326 US 310 (1945)..................................................................................................4

*La. Counseling & Family Servs. v. Makrygialos*,
　LLC, 543 F.Supp.2d 359 (D.N.J. 2008)..................................................................3

*Petedge, Inc. v. Fortress Secure Solutions, LLC*,
　Case No. 15-11988-FDS, slip op. (D. Mass. Nov. 17, 2015) ...................................5

*Philip Morris USA, Inc. v. Castworld Prods., Inc.*,
　219 F.R.D. 494 (C.D. Cal. 2003) ...........................................................................11

*Polo Fashions, Inc. v. Dick Bruhn, Inc.*,
　793 F.2d 1132 (9th Cir. 1986) .................................................................................9

*R & L Carriers, Inc. v. DriverTech LLC*,
　681 F. 3d 1323 (Fed. Cir. 2012) ..............................................................................6

*Reebok Int'l, Ltd v. J. Baker, Inc.*,
　32 F.3d 1552 (Fed.Cir.1994)..................................................................................10

*RSO Records, Inc. v. Peri*,
　596 F. Supp. 849 (S.D.N.Y. 1984).........................................................................10

*Sara Lee Corp. v. Bags of N.Y., Inc.*,
　36 F. Supp. 2d 161 (S.D.N.Y. 1999).......................................................................7

*Teamsters Pension Fund of Phi/ a. & Vicinity v. Am. Helper, Inc.*,
　No. 11-624, 2011 U.S. Dist. LEXIS 115142 (D.N.J. Oct. 5, 2011) .........................6

*Williams v. Life Sav. & Loan*,
　802 F.2d 1200 (10th Cir. 1986) ...........................................................................3, 4

**Statutes**

15 U.S.C. § 1114.............................................................................................................4

15 U.S.C. § 1117...........................................................................................................11

15 U.S.C. § 1117(c) ........................................................................................................7

15 U.S.C. § 1121.............................................................................................................4

17 U.S.C. § 502...............................................................................................................9

28 U.S.C. § 1331.............................................................................................................4

28 U.S.C. § 1332.............................................................................................................4

28 U.S.C. § 1338 ........................................................................................................................... 4

28 U.S.C. § 1367 ........................................................................................................................... 4

35 U.S.C. §283 .............................................................................................................................. 8

35 U.S.C. § 1116 ........................................................................................................................... 9

**Rules**

Fed. R. Civ. P. 55 .......................................................................................................................... 3

Fed. R. Civ. P. 55(b) ..................................................................................................................... 3

Fed. R. Civ. P. 55(b)(2) ............................................................................................................. 1, 3

I. **INTRODUCTION**

Earlier this year, Plaintiffs became aware that Defendants were repackaging Plaintiffs' resistance breathing devices for fitness training and selling them as their own. Defendants' misconduct was manifestly wrong. Indeed, Defendants have gone so far as to, without permission, sell products bearing the Plaintiffs' original trademarks. The extent of Defendants' counterfeiting is outlined in Plaintiffs' complaint. When Plaintiffs first became aware of the misconduct, they reached out to Defendants and requested that the infringement come to an end. Despite this, Defendants ignored numerous correspondences and persisted in their infringement of Plaintiffs' rights. Eventually, Plaintiffs were forced to file the above-captioned litigation.[1] Plaintiffs waited to serve the Complaint, thereby giving the Defendants an opportunity to reach out to Plaintiffs and come to an agreement with them. Defendants never responded to Plaintiffs and, eventually, the Complaint was served. To date, Defendants have failed to answer the Complaint even though Plaintiffs wrote letters to the Defendants notifying them that they had missed the deadline to answer.

As a result, Plaintiffs requested default and, on December 11, 2015, the Clerk entered default against the Defendants, My Corp, LLC d/b/a Big Mike's Fitness, and Like Exercise Inc. ("Defendants" and/or "Big Mike's"), due to the Defendants' failure to respond to Plaintiffs' duly filed and served Complaint. Pursuant to Rule 55(b)(2), Plaintiffs, Trainingmask LLC and Casey J. Danford ("Plaintiffs" and/or "Trainingmask"), respectfully seek an entry of a default judgment that finds Defendants liable on each of Plaintiffs' claims for patent infringement, copyright infringement, trade dress infringement, and unfair competition.

---

[1] Sometime after the Complaint was filed, Defendants began removing the infringing products from certain internet websites. However, Defendants have never responded directly to Plaintiffs or submitted anything to the Court.

Plaintiffs request that such judgment include statutory damages for trademark infringement, attorney's fees and costs, as well as a permanent injunction for Defendants' misconduct.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs design and create innovative resistance breathing devices for use during fitness training and exercise. As part of their inventive activities, Plaintiffs have secured intellectual property protecting its products and their associated brands.

As explained in the Complaint, earlier this year, Plaintiffs came to learn that Defendants were repackaging or otherwise counterfeiting Plaintiffs' patented and IP-protected products and selling them as Defendants' own. By way of a demand letter, Plaintiffs notified Defendants at least as early as July 31, 2015 of their infringement of Plaintiffs' intellectual property rights by the importation, sale, offers for sale, and use of the "Big Mike's Fitness Training Mask" products. *Agostino Dec.* at ¶ 7. Plaintiffs' request for the Defendants to stop infringing went unanswered despite numerous follow-up efforts. *Agostino Dec.* at ¶ 7. The Complaint filed by Plaintiffs on September 11, 2015 alleged causes of action for patent infringement, trademark infringement, copyright infringement, and unfair competition related to the "Big Mike's Fitness Training Mask" products. *Agostino Dec.* at ¶ 8.

Plaintiffs waited over one month, until October 23, 2015 and 26, 2015 to serve the Complaint on Defendant Like Exercise and My Corp respectively. *Agostino Dec.* at ¶ 10. When Defendants' deadline to answer the Complaint came and went, after waiting a few weeks, on December 2, 2015, Plaintiffs notified Defendants by way of letter that their answers to the Complaint were well overdue. *Agostino Dec.* at ¶ 12. Plaintiffs requested that Defendants answer no later than December 9, 2015, else the Defendants would face a request for default.

*Agostino Dec.* at ¶12. The suggested December 9, 2015 deadline was also ignored and Defendants are still refusing to respond to either the Plaintiffs or the Court. *Agostino Dec.* at ¶ 13. On December 11, 2015, the Clerk entered judgment against the Defendants.

Plaintiffs now move the Court to enter judgment by default against Defendants for the allegations set forth in the Complaint. To Plaintiffs' knowledge, each of the Defendants is a corporation and is not in the military service, not an infant, and not incompetent.

The Original Complaint and Declaration filed in support of this Motion clearly support a finding that the Defendants have violated Plaintiffs' rights under Federal law and under New Jersey law. Accordingly, Plaintiffs respectfully assert that a Default Judgment pursuant to Fed. R. Civ. P. 55(b) should be granted and entered.

### III. LEGAL ARGUMENT

#### A. Plaintiffs are Entitled to Default Judgment

Rule 55(b)(2) of the Federal Rules of Civil Procedure authorizes a court to enter judgment by default against a "properly served defendant who fails to plead or otherwise defend an action." *La. Counseling & Family Servs. v. Makrygialos*, LLC, 543 F.Supp.2d 359, 364 (D.N.J. 2008). Here, because Plaintiffs' claims are not for a sum certain, Rule 55(b)(2) is applicable. Fed. R. Civ. P. 55. Importantly, upon the entry of default (as already entered here), the factual allegations of a complaint, except those relating to damages are to be taken as true. *Comdyne I, Inc. v. Corbin,* 908 F.2d 1142, 1149 (3d Cir. 1990).

To enter a default judgment, the court must have subject matter jurisdiction, personal jurisdiction over the parties, and the pleadings must be sufficient to state a cause of action (accepting as true the factual allegations of the complaint). *See Williams v. Life Sav. & Loan,* 802 F.2d 1200, 1203 (10th Cir. 1986); *Comdyne I, Inc. v. Corbin,* 908 F.2d 1142,

1149 (3d Cir. 1990). The court can then use its discretion to decide whether to enter judgment by default, considering the following factors: (1) prejudice to the Plaintiff if default is denied, (2) whether the Defendant appears to have a meritorious defense, and (3) whether the Defendants' delay is due to culpable conduct. *See Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

### 1. The Court has Subject Matter Jurisdiction and Personal Jurisdiction over Defendants Entitling the Court to Enter a Default Judgment

Before a district court can enter default judgment against a party that has not filed responsive pleadings, the court has an affirmative duty to look into jurisdiction both over the subject matter and the parties. *Williams* at 1203. The Court has both subject matter and personal jurisdiction over the case at hand.

As indicated in the Complaint, this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1114 and 1121, and 28 U.S.C. §§ 1331, 1332 and/or 1338, *et seq*. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to the pendant state law claims asserted herein.

Defendants are subject to personal jurisdiction in the State of New Jersey and in this Judicial District. New Jersey's long arm statue permits exercise of jurisdiction to the fullest limits of due process as defined under the Constitution of the United States. As such, personal jurisdiction in New Jersey is essentially a single step that looks to whether the exercise of jurisdiction violates the Due Process Clause of the Fourteenth Amendment. *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998). The Due Process clause requires that a defendant have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v.*

*Washington*, 326 US 310, 316 (1945).  In patent related cases, minimum contacts can be found where the accused products reach the forum directly from the defendant or indirectly through an "established distribution channel." *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F. 3d 1558, 1565 (Fed. Cir. 1994).

As explained in the Complaint, Defendants offered for sale and/or sells products throughout the United States, including New Jersey and this Judicial District.  Defendants have further imported, used, offered for sale, sold, and/or sells products that infringe intellectual property rights of the Plaintiffs in this Judicial District.  *Agostino Dec.* at ¶ 4.  Similar to *Beverly Hills*, these actions satisfy the "minimum contacts" with New Jersey as Defendants have either directly or indirectly through an "established distribution channel" offered to sell, sold, used, or otherwise introduced the accused products into New Jersey.  Indeed, Plaintiffs have purchased an accused product in New Jersey on Amazon.  *Agostino Dec.* at ¶ 5; *see also Petedge, Inc. v. Fortress Secure Solutions, LLC*, Case No. 15-11988-FDS, slip op. at pp. 6-17 (D. Mass. Nov. 17, 2015) (finding that online sales through Amazon.com and petstew.com sufficient to establish personal jurisdiction).  Therefore, the Court has subject matter jurisdiction and personal jurisdiction over Defendants.

      **2.**      **Plaintiffs have Stated a Cause of Action that Merits Entry of a Default Judgment**

To determine whether a default judgment is appropriate, the court must determine whether a sufficient cause of action has been stated, taking as true the factual allegations of the Complaint.  *See Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008).  Once a cause of action has been established, "district courts must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady,*

5

*Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

The Complaint states ten causes of action, including multiple intellectual property infringements and unfair competition. *See Complaint (Dkt. No. 1)*. All stated causes of actions fully comply with (and indeed may even exceed) the respective pleading requirements, including the Supreme Court's standard set out in *Iqbal* and *Twombly*. *See, e.g., R & L Carriers, Inc. v. DriverTech LLC*, 681 F. 3d 1323 (Fed. Cir. 2012) (setting forth notice pleading requirement for patent infringement); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). As such, each of Plaintiffs' causes of action set forth a sufficient cause of action for which default judgment may be granted.

Defendants' failure to respond to the allegations in the Complaint in this action establishes its liability under each of the claims asserted in the Complaint. *Comdyne I Inc. v. Corbin*, 908 F.2d 1142, 1149 (3rd Cir. 1990). Defendants do not have any defense, let alone a meritorious one. Moreover, because Defendants have not submitted any response, this Court is "not in a position to judge whether the [Defendants have] a meritorious defense or whether any delay was the result of culpable misconduct." *Comcast Cable Commc'ns v. Weigel*, No. 05-2016 9RBK), 2006 U.S. Dist. LEXIS 63018, at *6-7 (D.N.J. Aug. 22, 2016).

The allegations in the Complaint are very serious and Plaintiffs have suffered damages as a product of Defendants' activities. Plaintiffs will suffer prejudice if default is denied. Plaintiffs have been trying for months to discuss the Defendants' misconduct with them to no avail and the only recourse is this request for default. *Agostino Dec.* at ¶ 14. In any event, where the Defendants have failed to respond, there is a presumption of culpability. *See Teamsters Pension Fund of Phi/ a. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 U.S. Dist. LEXIS 115142, at 10

(D.N.J. Oct. 5, 2011).  Additionally, the failure of Defendants to appear has deprived Plaintiffs "of any other means of vindicating its claim and [Plaintiffs] will be prejudiced if the default is not granted."  *Comcast*, 2006 U.S. Dist. LEXIS 63018 at *6-7 (quotations omitted).  In other words, there is a clear presumption that default is proper given the facts here.

      **B.**      **Plaintiffs elect statutory damages for Defendants' willful infringement**

The Lanham Act allows a successful plaintiff to elect to recover an award of specified statutory damages.

In cases involving a counterfeit trademark, a trademark owner may elect to recover an award of statutory damages of up to $100,000 per trademark infringed, enhanced to up to $1,000,000 per mark if the infringement is willful.  15 U.S.C. § 1117(c).

The court has wide discretion in determining the amount of statutory damages to be awarded.  *See, e.g., Sara Lee Corp. v. Bags of N.Y., Inc.*, 36 F. Supp. 2d 161, 166 (S.D.N.Y. 1999).  Because Defendants are in default and have failed to answer the duly filed Complaint, Plaintiffs allegations of willful infringement are deemed admitted.  *See, e.g.*, Compl. at ¶ 46.  Moreover, as shown in the Complaint, the very products that Defendants sell as their own include components taken from Plaintiffs' products and repackaged as the Defendants' own.  *See id*.

Because Defendants have failed to respond, Plaintiffs have not been given the opportunity to conduct discovery and cannot accurately calculate the damages they have sustained based on Defendants' misconduct.  Under these circumstances an award of statutory damages is appropriate.  *Sara Lee Corp.*, 36 F. Supp. 2d at 165-66.

Here, notwithstanding the receipt of cease and desist letters and other communications, Defendants continued to infringe.  Indeed, it was not until sometime after the filing of the

Complaint that Defendants appear to have pulled their infringing products from the internet. *Agostino Dec.* at ¶ 15.  In order to deter Defendants from continuing their bad business practices Plaintiffs are entitled to request up to $1,000,000 per infringement of each of their four infringed trademarks.  Nevertheless, Plaintiffs only seek statutory damages in the amount of $100,000 per mark, totaling $400,000.  Given the gross misconduct related to counterfeiting Plaintiffs' products and refusing to respond to Plaintiffs' requests to stop, damages in the amount of the full statutory award for non-willful infringement is conservative and warranted.

      C.      **Plaintiffs are Entitled to a Permanent Injunction**

Owners of patents that are infringed may obtain injunctive relief, including permanent injunctions pursuant to 35 U.S.C. §283.  The U.S. Supreme Court has set out four factors to be considered in granting permanent injunctions enjoining patent infringement: (1) that the plaintiff has suffered or is suffering irreparable injury; (2) that monetary damages and other legal remedies are inadequate; (3) that considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by issuance of a permanent injunction.  *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).  Plaintiffs respectfully assert that it has met its burden and is entitled to the issuance of a permanent injunction.

Despite repeated letters and correspondences to Defendants and the service of the Complaint, Defendants have not responded in any way.  They are seemingly on notice of their misconduct as it appears that certain websites are no longer selling the infringing products, however, on information and belief, Defendants' infringing conduct continues.  *Agostino Dec.* at ¶ 16.  Monetary damages will be inadequate because by rebranding Plaintiffs' products and selling "knockoffs," Defendants are doing immeasurable brand name harm to the Plaintiffs.

8

*Agostino Dec.* at ¶ 16.  Any further sales by Defendants of the infringing products will cause Plaintiffs loss of good will and reputation, which cannot be adequately compensated by any measure of damages.  The balance of hardships, particularly in view of the fact that Defendants have steadfastly ignored these proceedings and the demands of Plaintiffs that it cease its infringing activity clearly favors Plaintiffs.  If Defendants could offer evidence of hardship that would be caused by the Court's enjoining the unlawful activity, they were bound to bring them before the Court (but has not done so).

35 USC § 1116 of the Lanham Act and 17 USC § 502 of the Copyright Act grant courts the right to grant permanent injunctions against those who are infringing trademarks and copyrights respectively.  The standard for adjudicating the need for injunction is at or below the standard set forth by *eBay* above.  For example, in *Polo Fashions, Inc. v. Dick Bruhn, Inc.*, 793 F.2d 1132 (9th Cir. 1986), the district court's finding of no injunction was reversed and the appellate court found that the plaintiff did not need to introduce evidence of a threat of future harm where the Defendants' infringement was willful.  Here, the Defendants are undoubtedly infringing the Plaintiffs' trademarks and copyrights as set forth in the Complaint and, as deemed admitted, such infringement has been willful.  As explained in the Complaint, Defendants are selling counterfeit products that even bear Plaintiffs' exact trademarks.  *See* Compl. at ¶ 21.  The Defendants' copyright and trademark infringement also warrants an injunction.

Plus, there is an overriding public interest in protecting and enforcing validly issued intellectual property rights.  That public interest should be protected here where the Defendants are clearly counterfeiting the Plaintiffs' patented and otherwise legally protected products.

### D.     Plaintiffs are Entitled to an Order of Destruction

"The patent statute provides injunctive relief to preserve the legal interests of the parties against future infringement which may have market effects never fully compensable in money. Because the principal value of a patent is its statutory right to exclude, the nature of the patent grant weighs against holding that monetary damages will always suffice to make the patentee whole." *Reebok Int'l, Ltd v. J. Baker, Inc.*, 32 F.3d 1552, 1557 (Fed.Cir.1994) (internal citation omitted). Whether to use injunctive relief to order the destruction of infringing material is within the discretion of the Court. *See Antenna Television, A.E. v. Aegean Video Inc.,* 1996 U.S. Dist. LEXIS 7643, No. 95- CV-2328 (ERK), 1996 WL 298252, 13 (E.D.N.Y. April 23, 1996); *RSO Records, Inc. v. Peri*, 596 F. Supp. 849, 863 (S.D.N.Y. 1984). In determining whether destruction is appropriate, the Court may consider whether it is likely that the defendant would continue to use the inventory in an infringing manner and whether the product can be used in any non-infringing way. *See Flanagan v. Continental Apparel Corp.*, 1996 U.S. Dist. LEXIS 12102 (S.D.N.Y. Aug. 20, 1996) (citing *Antenna Television*, 1996 U.S. Dist. LEXIS 7643, 1996 WL 298252 at 14 (destruction warranted where illegally copied cassettes could not be used other than in infringing manner)); *see also Apex Fountain Sales, Inc. v. Flo Aire, Inc.*, 1993 U.S. Dist. LEXIS 13147, No. Civ. A. 83-6153, 1993 WL 261705, 4 (E.D. Pa. July 7, 1993) (Defendant compelled to destroy molds, dies, and other equipment capable only of infringing uses).

Plaintiffs' patent rights cover the exact counterfeit masks that are being sold without Plaintiffs' permission. They cannot be used in a non-infringing manner and Plaintiffs are aware of no evidence or reasoning that they could be.

### E. Plaintiffs are entitled to attorney fees

The Patent Act, the Lanham Act, and the Copyright Act all permit costs and fees. Such an award is warranted in this case. Plaintiffs gave Defendants a number of opportunities to respond and even went so far as requesting that they serve an appearance and answer in this case despite being nearly a month delinquent in doing so. Moreover, under the Lanham Act, in cases of counterfeiting, attorneys' fees and costs are mandatory. 15 USC § 1117. Plus, fees can be awarded in cases where the defendant refuses to appear, even where there is ***not*** counterfeiting. *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 502 (C.D. Cal. 2003). Here, there is counterfeiting and there is a Defendant who has not appeared. Although all three Acts permit costs and fees, it is especially clear under the Lanham act that an award of fees is warranted in this case.

Thus, Plaintiffs respectfully request their attorney fees ($16,777.50) and costs ($818.40) associated with this action. *Agostino Dec.* at ¶ 17.

### IV. CONCLUSION

For at least such reasons, Plaintiffs respectfully request the Court to grant its Motion for Default Judgment and Permanent Injunction against Defendants and award damages and fees in the amount of $17,595.90.

Dated: December 16, 2015 Respectfully submitted,

*/s/ Joseph Agostino*
Joseph Agostino
Greenberg Traurig, LLP
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
Tel: (973) 443-3572
Fax: (973) 295-1292
agostinoj@gtlaw.com
*Counsel for TrainingMask, LLC and Casey J. Danford*

11

## CERTIFICATE OF SERVICE

    I, Joseph Agostino, hereby certify that on the 16th of December, 2015 a copy of **MOTION FOR DEFAULT JUDGMENT** was served on the following persons via email and UPS:

    Michael Abbara
    My Corp. LLC d/b/a Big Mike's Fitness
    1105 South Euclid Street Apt D242
    Fullerton, CA 92832-2850
    Mike@MyCorpLLC.com; BigMikeSM@gmail.com

    Michael Abbara
    Like Exercise, Inc.
    3224 Yorba Linda Boulevard
    Suite 515
    Fullerton, CA 92381
    Mike@MyCorpLLC.com; BigMikeSM@gmail.com

                                         */s/ Joseph Agostino*
                                         Joseph Agostino