IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRAININGMASK LLC AND CASEY J. DANFORD, <br><br> Plaintiffs, <br><br> v. <br><br> MY CORP, LLC d/b/a BIG MIKE'S FITNESS; and LIKE EXERCISE INC., <br><br> Defendants. | Case No. 1:15-cv-06789-RMB-KMW <br><br> Jury Trial Demanded <br><br> Motion Date:  January 19, 2016 |

**ORDER GRANTING PLAINTIFFS'**
**MOTION FOR DEFAULT JUDGMENT**

This matter having been opened to the Court by plaintiffs TrainingMask LLC and Casey J. Danford ("Plaintiffs"), through its attorneys at Greenberg Traurig, LLP, for an Order for an entry of default judgement and permanent injunction against defendants My Corp, LLC d/b/a Big Mike's Fitness and Like Exercise Inc., and the Court having considered the papers submitted by the parties, and having heard argument, if any, and good cause having been shown;

**IT IS,** on this _____ day of _____, 2015 **ORDERED** that plaintiffs' motion is **GRANTED**; and

**IT IS FURTHER ORDERED** that Defendants are:

(a)   Liable to Plaintiffs for the willful infringement of the following patented works:

   (1) 9,067,086

   (2) 8,590,533

1

(b) Liable to Plaintiffs for the willful trademark infringement under, federal law, 15 U.S.C. § 1114 et seq., resulting from their use in commerce of Plaintiffs' trade dress and use and imitation of the following Trademarks and/or Service Mark Registration Numbers:

(1) 4,094,823

(2) 4,508,962

(3) 4,594,596

(4) 4,509,398

(c) Liable to Plaintiffs for unfair competition under federal law, 15 U.S.C. § 1125, and under the laws of the State of New Jersey.

**IT IS FURTHER ORDERED** that Plaintiffs are hereby awarded judgment against Defendants, as follows:

| | | |
|---|---|---|
| a. | Statutory Damages | $400,000 |
| b. | Attorneys' Fees | $16,777.50 |
| c. | Costs | $818.40 |
| | **Total Judgment** | **$417,595.90** |

**IT IS FURTHER ORDERED** that the Defendants, their officers, agents, servants, employees, and attorneys, and all those acting in concert or participation with them shall be, and hereby are, PERMANENTLY ENJOINED and restrained from:

(a) making, using, selling, offering to sell in the United States, or importing into the United States, products that infringe Plaintiffs' U.S. patents, including, but not limited to, the following U.S. patents:

(1) U.S. Patent No. 9,067,086; and

(2) U.S. Patent No. 8,590,533.

  (b) imitating, copying, or making any other infringing use or infringing distribution of resistance breathing devices for fitness training, or items protected by Plaintiffs' registered trademarks and service mark, including, but not limited to, the following Trademark and/or Service Mark Registration Numbers:

  (1) 4,094,823

  (2) 4,508,962

  (3) 4,594,596

  (4) 4,509,398

  (c) manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any resistance breathing devices for fitness training item or thing bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of any of Plaintiffs' registered trademarks or service mark, including, but not limited to, the Trademark and Service Mark Registration Nos. listed in Paragraph (b) above;

  (d) using any simulation, reproduction, counterfeit, copy, or colorable imitation of plaintiffs' registered trademarks or service mark including, but not limited to, the Trademark and Service Mark Registration Nos. listed in Paragraph (b) above, in connection with the manufacture, distribution, offering for distribution, sale, offering for sale, advertisement, promotion, or display of any resistance breathing devices for fitness training item or thing not authorized or licensed by plaintiffs;

  (e) using any false designation of origin or false description which can or is likely to

lead the trade or public or individuals erroneously to believe that any resistance breathing devices for fitness training, item, or thing that has been manufactured, produced, distributed, offered for distribution, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for plaintiffs, when such is not true in fact;

(f) using the names, logos, or other variations thereof of any of Plaintiffs' patented and/or trademark-protected resistance breathing devices for fitness training in any of Defendants' trade or corporate names;

(g) engaging in any other activity constituting illegal distribution of any of Plaintiffs' resistance breathing devices for fitness training item, or thing and/or engaging in any other activity consisting of an infringement of any of Plaintiff's trademarks, service mark and/or patents, or of plaintiffs' rights in, or right to use or to exploit these trademarks, service mark, and/or patents, or constituting any dilution of plaintiffs' name, reputation, or goodwill; and

(h) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraphs (a) through (g) above.

**IT IS SO ORDERED.**

_____
The Honorable Renee Marie Bumb
UNITED STATES DISTRICT JUDGE