Joseph Agostino
Greenberg Traurig, LLP
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
Tel: (973) 443-3572
Fax: (973) 295-1292
agostinoj@gtlaw.com

*Counsel for TrainingMask, LLC and*
*Casey J. Danford*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TRAININGMASK LLC AND CASEY J. DANFORD, ) ) ) **Plaintiffs,** ) ) v. ) ) MY CORP, LLC d/b/a BIG MIKE'S FITNESS; and LIKE EXERCISE INC., ) ) ) **Defendants.** ) | Case No. 1:15-cv-06789-RMB-KMW  Jury Trial Demanded  Motion Date: January 19, 2016 |

**DECLARATION OF JOSEPH AGOSTINO IN SUPPORT OF PLAINTIFFS'**
**MOTION FOR DEFAULT JUDGMENT**

I, JOSEPH AGOSTINO, declare as follows:

1. I am a member of the Bar of this Court and am associated with the firm of Greenberg Traurig, LLP, attorneys for the Plaintiffs TrainingMask LLC and Casey J. Danford ("Plaintiffs"). I submit this declaration in support of Plaintiffs' motion for entry of default judgment against My Corp, LLC and Like Exercise Inc. ("Defendants").

2. Plaintiffs develop and sell athletic training products.

3. Plaintiffs are the owner of a number of U.S. patents and trademarks related to its business, including U.S. Patent Nos. 9,067,086 and 8,590,533 and U.S. Trademark Registration Nos. 4,094,823, 4,508,962, 4,594,596, and 4,509,398.

4. As explained in the Complaint, Defendants offered for sale and/or sells products throughout the United States, including New Jersey and this Judicial District. Defendants have further imported, used, offered for sale, sold, and/or sells products that infringe intellectual property rights of the Plaintiffs in this Judicial District.

5. Defendants have either directly or indirectly through an "established distribution channel" offered to sell, sold, used, or otherwise introduced the accused products into New Jersey. Indeed, Plaintiffs have purchased an accused product in New Jersey on Amazon.

6. Plaintiffs notified Defendants at least as early as July 31, 2015 of their infringement of Plaintiffs' intellectual property rights by the importation, sale, offers for sale, and use of the "Big Mike's Fitness Training Mask" products. Plaintiffs' request for the Defendants to stop infringing went unanswered despite numerous follow-up efforts.

7. After unsuccessful requests, Plaintiffs commenced this action on September 11, 2015 against Defendants. The Complaint alleged causes of action for patent infringement, trademark infringement, copyright infringement, and unfair competition related to the "Big Mike's Fitness Training Mask" products. The Complaint was filed on September 11, 2015 (Exhibit A).

8. The Court issued Summons to be served on Defendants on September 11, 2015. (Docket Entry No. 3).

9. The Original Complaint and Summons were served upon My Corp LLC on October 26, 2015 (Exhibit B).  The Original Complaint and Summons were served on Like Exercise Inc. on October 23, 2015 (Exhibit C).

10. Pursuant to the Federal Rules of Civil Procedure, My Corp LLC's answer was due November 16, 2015 and Like Exercise Inc.'s answer was due November 13, 2015.

11. When Defendants' deadline to answer the Complaint came and went, after waiting a few weeks, on December 2, 2015, Plaintiffs notified Defendants by way of letter that their answers to the Complaint were well overdue.  Plaintiffs requested that Defendants answer no later than December 9, 2015, else the Defendants would face a request for default (Exhibit D).

12. The suggested December 9, 2015 deadline was also ignored and Defendants are still refusing to respond to either the Plaintiffs or the Court.

13. Plaintiffs have been trying for months to discuss the Defendants' misconduct with them to no avail and the only recourse is this request for default.

14. It was not until sometime after the filing of the Complaint that Defendants appear to have pulled their infringing products from the internet.

15. They are seemingly on notice of their misconduct as it appears that certain websites are no longer selling the infringing products, however, on information and belief, Defendants' infringing conduct continues.   Monetary damages will be inadequate because by rebranding Plaintiffs' products and selling "knockoffs," Defendants are doing immeasurable brand name harm to the Plaintiffs.

16. In order to deter Defendants from continuing their bad business practices, Plaintiffs only seek statutory damages in the amount of $100,000 per mark, totaling $400,000.

17. Plaintiffs also respectfully request their attorney fees ($16,777.50) and costs ($818.40) associated with this action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 16th day of December, 2015.

<i>/s/ Joseph Agostino</i><br>
Joseph Agostino