# EXHIBIT A TO 12/16/2015 PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRAININGMASK LLC and CASEY J. DANFORD,<br><br>Plaintiffs,<br><br>v.<br><br>MY CORP. LLC d/b/a BIG MIKE'S FITNESS; and LIKE EXERCISE INC.,<br><br>Defendants. | Civil Action No. _____<br><br>JURY TRIAL REQUESTED |

## COMPLAINT

Plaintiffs, TrainingMask, LLC and Casey J. Danford, by their undersigned attorneys, and for their complaint against the defendants, My Corp. LLC d/b/a Big Mike's Fitness and Life Exercise Inc., state as follows:

## THE PARTIES

1. Plaintiff TrainingMask LLC ("TrainingMask") is a Michigan limited liability company and has its principal place of business at 1140 Plett Road, Cadillac, Michigan 49601.

2. Plaintiff Casey J. Danford ("Danford") is an individual with an address of 2141 Plett Road, Cadillac, Michigan 49601, and is the CEO of TrainingMask.

3. Defendant My Corp. LLC ("My Corp."), upon information and belief, is a California corporation and has its principal place of business at 1105 South Euclid Street, Apt. D242, Fullerton, California.  Upon further information and belief, defendant My Corp. is doing business as "Big Mike's Fitness."

4. Defendant Like Exercise Inc. ("Like Exercise"), upon information and belief, is a California corporation and has its principal place of business at 3224 Yorba Linda Boulevard, Suite 515, Fullerton, California.  Big Mike's Fitness is, on information and belief,

a registered trademark of Like Exercise, and, therefore, upon further information and belief, Like Exercise is closely affiliated with defendant My Corp. in connection with the marketing and sale of Big Mike's Fitness products.

## JURISDICTION AND VENUE

5. This court has personal jurisdiction over each defendant because, upon information and belief, they have transacted business in this State and/or have caused harm or tortious injury in this State by acts therein.

6. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1114 and 1121, and 28 U.S.C. §§ 1331, 1332 and/or 1338, *et seq.* This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to the pendant state law claims asserted herein.

7. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b).

## THE INTELLECTUAL PROPERTY IN SUIT AND TRAININGMASK'S BUSINESS

8. Danford owns United States patents that are licensed to TrainingMask including:

- U.S. Patent No. 9,067,086, "High Performance Ventilatory Training Mask Incorporating Multiple and Adjustable Air Admittance Valves for Replicating Various Encountered Altitude Resistances" duly issued on June 30, 2015 (**Exhibit A**); and

- U.S. Patent No. 8,590,533, "Adjustable Inhalation Resistance Exercise Device" duly issued on November 26, 2013 (**Exhibit B**).

9. TrainingMask owns numerous registered U.S. trademarks, including, but not limited to:

- ELEVATION TRAINING MASK®, U.S. Trademark Registration No. 4,094,823 duly registered on January 31, 2012 (**Exhibit C**);

2

- ELEVATION TRAINING MASK & Design®, U.S. Trademark Registration No. 4,508,962 duly registered on April 8, 2014 (**Exhibit D**);

- SIMULATE HIGH ALTITUDE TRAINING®, U.S. Trademark Registration No. 4,594,596 duly registered on August 26, 2014 (**Exhibit E**); and

- TRAINING MASK SIMULATES HIGH ALTITUTED TRAINING & Design®, U.S. Trademark Registration No. 4,509,398 duly registered on April 8, 2014 (**Exhibit F**).

10. TrainingMask develops and sells athletic training products that embody the inventions claimed in the patents identified above (Exhibits A and B).

11. TrainingMask marks its website, its products, and its associated product packaging and inserts with the above-identified trademarks as well. TrainingMask internationally markets and sells its products and uses all of the identified marks. Due to extensive commercial use of the aforesaid marks, TrainingMask has established valuable trademark rights in its marks, goodwill in the marketplace, and extensive recognition of the marks by consumers, all of which represent a highly valuable asset to TrainingMask.

12. TrainingMask also owns copyrighted material in the form of text, photos, graphics, and other content displayed on its website, www.trainingmask.com and elsewhere.

13. Shown below are examples of TrainingMask's patented products, as well as the association of such products with TrainingMask's trademarks.

3



14. TrainingMask is an industry leader for these products which simulate conditions of high altitude for training athletes.

15. TrainingMask recently became aware that the defendants are re-branding TrainingMask's products and selling the infringing goods through various mediums.

16. Upon information and belief, true and accurate photos of defendants' "Big Mike' Fitness Training Mask" product are attached hereto as **Exhibit G**.

17. Defendants' counterfeit products can be purchased on its website, www.bigmikesfitness.com, on Amazon, and Etsy.

4

18. The below annotated images from sales postings on defendants' website and Etsy show that defendants are taking TrainingMask's copyrighted photos of its products, editing out TrainingMask's trademark, inserting digitally their own Big Mike's Fitness name and design, and attempting to sell the re-branded product as their own:





5

19. Defendants have misappropriated TrainingMask's products by removing TrainingMask's sleeves and replacing them with defendants' counterfeit sleeves, which are identical in structure and function to TrainingMask's sleeves (see Exhibit G).

20. Defendants' counterfeit sleeves contain the BIG MIKE'S FITNESS and BM names thereon for the purpose of passing off TrainingMask's products as their own.

21. Further evidencing the counterfeit nature of defendants' products, a purchased Big Mike's Fitness mask, depicted below, includes TrainingMask's signature ELEVATION TRAINING MASK & Design trademark on the mask valve.



22. Defendants are also misappropriating TrainingMask's trade dress, product packaging, and associated product inserts. In this regard, defendants are selling and shipping its counterfeit products <u>within TrainingMask's own packaging and with TrainingMask's associated product inserts</u> (e.g., the injury waiver and release of liability card), all of which includes TrainingMask's corporate name, address, website, and trademarks (see **Exhibit H**).

6

23. It is clear that the defendants are advertising and selling products that infringe TrainingMask's and Danford's identified intellectual property rights. Moreover, by counterfeiting TrainingMask's products, the defendants are engaging in unfair and illegal business practices that must be stopped immediately.

24. On July 31, 2015, TrainingMask, through its lawyers, sent a demand letter to defendant My Corp. and Big Mike's Fitness at two addresses, requesting that their infringing activities come to a halt. TrainingMask's attorneys also called the defendants to further elaborate on the misconduct. Defendants failed to respond to TrainingMask's letter and phone calls.

## COUNT I
### Patent Infringement: U.S. Patent No. 9,067,086 (" '086 patent")
**(Both defendants)**

25. Danford is the owner of the entire right, title, and interest in the '086 patent, and such patent is licensed to TrainingMask.

26. TrainingMask has devoted substantial efforts and resources to advertising, promoting, marketing, distributing and selling at least its Training Mask 2.0 which practices the '086 patent.

27. At least as of July 31, 2015 defendants were provided notice of the '086 patent.

28. Defendants have infringed and induced infringement of the '086 patent by importing, using, selling, and/or offering to sell "Big Mike's Fitness Training Masks" throughout the United States, including in this judicial district, which embody the claims of the '086 patent.

29. The importation, use, sales of, and offers to sell, the Big Mike's Fitness Training Mask product was conducted by the defendants with the knowledge, intent, and

7

expectation that the product would be and is sold and used throughout the United States, including this judicial district.

30. Defendants' infringement of the '086 patent has been willful, wanton, and with full knowledge of the '086 patent.

31. By reason of defendants' conduct, TrainingMask suffered, and will continue to suffer substantial damages, all in an amount to be established at trial.

32. By reason of defendants' conduct, each defendant obtained benefits in the form of profits or other financial gain from the misconduct.

33. TrainingMask is entitled to, among other things, compensation for the foregoing acts of infringement by defendants, and to disgorgement of defendants' financial gains arising from their respective infringing sales.

34. Defendants' conduct also has caused, and will continue to cause, irreparable harm to TrainingMask's business, its reputation and goodwill unless it is enjoined by this Court.

## COUNT II
### Patent Infringement: U.S. Patent No. 8,590,533 (" '533 patent")
**(Both defendants)**

35. Danford is the owner of the entire right, title, and interest in the '533 patent, and such patent is licensed to TrainingMask.

36. TrainingMask has devoted substantial efforts and resources to advertising, promoting, marketing, distributing and selling at least its Training Mask 1.0 and Training Mask 2.0 which practice the '533 invention.

37. At least as of July 31, 2015 defendants were provided notice of the '533 patent.

38. Defendants have infringed and induced infringement of the '533 patent by importing, using, selling, and/or offering to sell "Big Mike's Fitness Training Masks"

8

throughout the United States, including in this judicial district, which embody the claims of the '533 patent.

39. The importation, use, sales of, and offers to sell, the Big Mike's Fitness Training Mask was conducted by the defendants with the knowledge, intent, and expectation that the product would be and is sold and used throughout the United States, including this judicial district.

40. Defendants' infringement of the '533 patent has been willful, wanton, and with full knowledge of the '533 patent.

41. By reason of defendants' conduct, TrainingMask suffered, and will continue to suffer substantial damages, all in an amount to be established at trial.

42. By reason of defendants' conduct, each defendant obtained benefits in the form of profits or other financial gain from the misconduct.

43. TrainingMask is entitled to, among other things, compensation for the foregoing acts of infringement by defendants, and to disgorgement of defendants' financial gains arising from their respective infringing sales.

44. Defendants' conduct also has caused, and will continue to cause, irreparable harm to TrainingMask's business, its reputation and goodwill unless it is enjoined by this Court.

### COUNT III
**Trademark Infringement: ELEVATION TRAINING MASK®, U.S. Trademark Registration No. 4,094,823 (" '823 registration")**
**(Both defendants)**

45. TrainingMask is the owner and assignee of the entire right, title, and interest in the '823 registration.

9

46. Defendants have willfully infringed TrainingMask's trademark by marketing and selling products bearing the ELEVATION TRAINING MASK exact mark as shown below.



47. At least as of July 31, 2015, defendants were provided notice of the '823 registration.

48. The importation, use, sales of, and offers to sell, the Big Mike's Fitness Training Mask was conducted by the defendants with the knowledge, intent, and expectation that the product would be and is sold and used throughout the United States, including this judicial district.

49. Defendants' infringement of the '823 registration has been willful, wanton, and with full knowledge of the '823 registration.

50. By reason of defendants' conduct, TrainingMask suffered, and will continue to suffer substantial damages, all in an amount to be established at trial.

51. By reason of defendants' conduct, each defendant obtained benefits in the form of profits or other financial gain from the misconduct.

10

52. TrainingMask is entitled to, among other things, reasonable royalties and lost profits in amounts to be proven at trial, enhanced damages, and reasonable attorney's fees pursuant to 15 U.S.C. § 1117.

53. Defendants' conduct also has caused, and will continue to cause, irreparable harm to TrainingMask's business, its reputation and goodwill unless it is enjoined by this Court.

## COUNT IV
**Trademark Infringement: ELEVATION TRAINING MASK & Design®, U.S. Trademark Registration No. 4,508,962 (" '962 registration")**
**(Both defendants)**

54. TrainingMask is the owner and assignee, of the entire right, title, and interest in the '962 registration.

55. Defendants have willfully infringed TrainingMask's trademark by marketing and selling products bearing the ELEVATION TRAINING MASK and design, with the exact design as shown below.



56. At least as of July 31, 2015, defendants were provided notice of the '962 registration.

57. The importation, use, sales of, and offers to sell, the Big Mike's Fitness Training Mask was conducted by the defendants with the knowledge, intent, and expectation

11

that the product would be and is sold and used throughout the United States, including this judicial district.

58. Defendants' infringement of the '962 registration has been willful, wanton, and with full knowledge of the '962 registration.

59. By reason of defendants' conduct, TrainingMask suffered, and will continue to suffer, substantial damages, all in an amount to be established at trial.

60. By reason of defendants' conduct, each defendant obtained benefits in the form of profits or other financial gain from the misconduct.

61. TrainingMask is entitled to, among other things, reasonable royalties and lost profits in amounts to be proven at trial, enhanced damages, and reasonable attorney's fees pursuant to 15 U.S.C. § 1117.

62. Defendants' conduct also has caused, and will continue to cause, irreparable harm to TrainingMask's business, its reputation and goodwill unless it is enjoined by this Court.

**COUNT V**
**Trademark Infringement: SIMULATE HIGH ALTITUDE TRAINING®, U.S. Trademark Registration No. 4,594,596 (" '596 registration")**
**(Both defendants)**

63. TrainingMask is the owner and assignee of the entire right, title, and interest in the '596 registration.

64. Defendants have willfully infringed TrainingMask's trademark by marketing and selling products bearing the SIMULATE HIGH ALTITUDE TRAINING with the virtually exact mark as shown below on defendants' counterfeit packaging.



65. At least as of July 31, 2015 defendants were provided notice of the '596 registration.

66. The importation, use, sales of, and offers to sell, the Big Mike's Fitness Training Mask was conducted by the defendants with the knowledge, intent, and expectation that the product would be and is sold and used throughout the United States, including this judicial district.

67. Defendants' infringement of the '596 registration has been willful, wanton, and with full knowledge of the '596 registration.

68. By reason of defendants' conduct, TrainingMask suffered, and will continue to suffer substantial damages, all in an amount to be established at trial.

69. By reason of defendants' conduct, each defendant obtained benefits in the form of profits or other financial gain from the misconduct.

70. TrainingMask is entitled to, among other things, reasonable royalties and lost profits in amounts to be proven at trial, enhanced damages, and reasonable attorney's fees pursuant to 15 U.S.C. § 1117.

13

71. Defendants' conduct also has caused, and will continue to cause, irreparable harm to TrainingMask's business, its reputation and goodwill unless it is enjoined by this Court.

<u>**COUNT VI**</u>
**Trademark Infringement: TRAINING MASK SIMULATES HIGH ALTITUTED TRAINING®, U.S. Registration No. 4,509,398 (" '398 registration)**
**(Both defendants)**

72. TrainingMask is the owner and assignee of the entire right, title, and interest in the '398 registration.

73. Defendants have willfully infringed TrainingMask's trademark by marketing and selling products bearing the TRAINING MASK SIMULATES HIGH ALTITUDE TRAINING with the exact mark as shown below on defendants' counterfeit packaging.



74. At least as of July 31, 2015, defendants were provided notice of the '398 registration.

75. The importation, use, sales of, and offers to sell, the Big Mike's Fitness Training Mask was conducted by the defendants with the knowledge, intent, and expectation that the product would be and is sold and used throughout the United States, including this judicial district.

14

76. Defendants' infringement of the '398 registration has been willful, wanton, and with full knowledge of the '398 registration.

77. By reason of defendants' conduct, TrainingMask suffered, and will continue to suffer substantial damages, all in an amount to be established at trial.

78. By reason of defendants' conduct, each defendant obtained benefits in the form of profits or other financial gain from the misconduct.

79. TrainingMask is entitled to, among other things, reasonable royalties and lost profits in amounts to be proven at trial, enhanced damages, and reasonable attorney's fees pursuant to 15 U.S.C. § 1117.

80. Defendants' conduct also has caused, and will continue to cause, irreparable harm to TrainingMask's business, its reputation and goodwill unless it is enjoined by this Court.

## COUNT VII
### Federal Unfair Competition/Trade Dress Infringement 15 U.S.C. § 1125
### (Both defendants)

81. The total image of TrainingMask's patented and trademarked products, including the size, shape, color, color combinations, product design and product packaging, constitutes protectable trade dress.

82. TrainingMask's trade dress is non-functional. It is not essential to the product's purpose and it is not dictated by concern for cost efficiency.

83. The noted TrainingMask trade dress is distinctive; it identifies TrainingMask as the source of the product, thereby distinguishing it from other products. Additionally, over the years, the trade dress has acquired secondary meaning as, more and more, the consuming public has come to associate the sleek color scheme and product packaging of TrainingMask's patented product with TrainingMask.

15

84. Defendants' use of TrainingMask's exact color scheme and product packaging is likely to cause confusion among consumers.

85. Defendants' actions constitute trade dress infringement in violation of 15 U.S.C. § 1125(a). TrainingMask has been and will continue to be injured as a result of defendants' conduct. TrainingMask has no adequate remedy at law for these injuries unless defendants are enjoined by this Court from continuing to infringe the identified trade dress.

## COUNT VIII
### Common Law Unfair Competition
**(Both defendants)**

86. Defendants' unlawful conduct constitutes unfair competition as established by the common law of the State of New Jersey.

87. Defendants' acts were and are carried out intentionally, willfully, and maliciously with the intent to appropriate for itself the reputation and goodwill of TrainingMask's trade dress and to cause damages and losses to TrainingMask, which damages and losses have in fact occurred.

88. As a direct and proximate cause of defendants' actions, TrainingMask has been damaged and will continue to suffer actual damages, and has suffered and will continue to suffer irreparable harm and injury to its business reputation and goodwill unless defendants are enjoined by this Court.

## COUNT IX
### State Unfair Trade Practices
**(Both defendants)**

89. The foregoing conduct of each of the defendants constitutes unfair, deceptive, and unlawful trade practices under New Jersey Statute Annotated §§ 56:3-13.16, 56:3-13.20, and 56:4-1, the common law of the State of New Jersey, and/or a violation of similar deceptive trade practices statutes applicable under the laws of other states.

16

90. By reason of the foregoing conduct, TrainingMask has suffered, and will continue to suffer substantial damages, in an amount to be established at trial.

91. As a result of this conduct, each of the defendants obtained benefits in the form of profits or other financial gain.

92. Defendants' conduct also has caused, and will continue to cause, irreparable harm to TrainingMask's business, reputation and goodwill unless enjoined by this Court.

## COUNT X
### Copyright Infringement
### (Both defendants)

93. Defendants have, without authorization or privilege, reproduced, publicly displayed, distributed, and modified TrainingMask's copyrighted materials including its website materials and product packaging.

94. Such conduct occurred in connection with the sale, offer for sale and advertisement of the infringing Big Mike's Fitness Training Mask.

95. Such conduct constitutes copyright infringement under 17 U.S.C. § 106.

96. Upon information and belief, the defendants' actions complained of herein have been and continues to be done willfully.

97. By reasons of defendants' conduct, TrainingMask has suffered substantial damages in an amount to be established at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, TrainingMask prays for the following relief against defendants as follows:

a) That defendants be adjudged to have infringed the patents-in-suit, directly and indirectly, literally and/or under the doctrine of equivalents;

b) That TrainingMask be awarded damages in an amount no less than a reasonable royalty for defendants' patent infringement;

17

c) That defendants be adjudged to have consciously and willfully infringed the patents-in-suit;

d) That the damages awarded to TrainingMask with respect to each patent-in-suit be increased commensurate with defendants' willful infringement;

e) That defendants be adjudged to have infringed, directly and indirectly, the trademarks-in-suit;

f) That TrainingMask be awarded commensurate damages for defendants' trademark infringement;

g) That defendants be adjudged to have consciously and willfully infringed the trademarks-in-suit;

h) That the damages awarded to TrainingMask for trademark infringement be enhanced due to the willful trademark infringement and that defendants be ordered to surrender for destruction all infringing materials pursuant to Section 36 of the Lanham Act (15 U.S.C. § 1118);

i) That defendants be enjoined from any further infringement of TrainingMask's patents and trademarks;

j) That defendants be required to account to TrainingMask for defendants' profits and the actual damages suffered by TrainingMask as a result of defendants' acts of infringement, trade dress infringement, unfair competition and other unfair trade practices, together with interest, and that TrainingMask's recovery be trebled, pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117);

k) That defendants be compelled to pay TrainingMask's attorney fees together with costs of this suit, pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117);

18

l) That defendants have infringed TrainingMask's copyrighted materials;

m) That defendants pay damages adequate to compensate TrainingMask for the acts of copyright infringement by defendants;

n) Order defendants to pay all applicable statutory damages including exceptional and/or treble damages;

o) Order defendants to pay TrainingMask's expenses, interest, and costs including attorney fees;

p) Order defendants to pay TrainingMask for rehabilitative advertising and price point restoration; and

q) Awarding TrainingMask such other and further relief as the Court deems just and proper.

## JURY DEMAND

TrainingMask respectfully requests a trial by jury on all issues so triable.

Dated: September 11, 2015

        Respectfully submitted,

        GREENBERG TRAURIG LLP

        /s/ Joseph Agostino
        Joseph Agostino, Esq.
        200 Park Avenue
        Florham Park, New Jersey 07932
        Tel: (973) 360-7900
        Fax: (973) 301-8410
        agostinoj@gtlaw.com
        Attorneys for TrainingMask, LLC