[Docket No. 12]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| TRAININGMASK LLC and CASEY J. DANFORD, | |
| Plaintiffs, | Civil No. 15-6789 (RMB/KMW) |
| v. | **ORDER** |
| MY CORP, LLC d/b/a BIG MIKE'S FITNESS and LIKE EXERCISE, INC., | |
| Defendants. | |

This matter comes before the Court upon on the renewed Motion for Default Judgment filed by Plaintiffs TrainingMask LLC and Casey J. Danford (together, the "Plaintiffs") [Docket No. 12]; and the Court having reviewed the Plaintiffs' submissions; and the Court having ordered the Plaintiffs to file a renewed Motion for Default Judgment setting forth analysis as to (i) the amount of damages that is appropriate, (ii) the Plaintiffs' entitlement to attorney's fees as a matter of law, and (iii) why the attorney's fees and costs requested are reasonable [Docket No. 11]; and the Court noting that the Declaration of Casey J. Danford refers to "attached redacted invoices from Greenberg Traurig, LLP reflecting billed fees for this matter" [Docket No. 12-2 at 3 ¶ 11]; and the Court further noting that no such

1

"redacted invoices" are included in Plaintiffs' submissions; and the Court further noting that the only document provided in support of Plaintiffs' request for $16,777.50 in attorney's fees and $818.40 in attorney's costs is a <u>three-line non-itemized invoice</u> that includes neither the number of hours billed, the hourly rates charged, nor a description of the work performed [Docket No. 12-2 at 4]; and the Court finding that the Plaintiffs have adequately addressed their entitlement to statutory damages and their entitlement to attorney's fees, as a matter of law; and the Court further finding, however, that the Plaintiffs have failed to adequately set forth why the amount of attorney's fees and costs requested is reasonable, <u>see, e.g.</u>, <u>Wagner v. Shinseki</u>, 733 F.3d 1343, 1349 (Fed. Cir. 2013) (quoting <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 437 (1983)) ("[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."); <u>In re Electro-Mech. Indus.</u>, 359 F. App'x 160, 165 (Fed. Cir. 2009) (quoting <u>Lam, Inc. v. Johns-Manville Corp.</u>, 718 F.2d 1056, 1068 (Fed. Cir. 1983)) ("In determining the reasonableness of the award, there must be some evidence to support the reasonableness of, inter alia, the billing rate charged and the number of hours expended."); and the Court noting that it will give the Plaintiffs <u>a final opportunity</u> to

2

adequately support their Motion for Default Judgment and request for attorney's fees[1];

ACCORDINGLY, for the foregoing reasons, IT IS HEREBY on this **26th** day of **May 2016**,

**ORDERED** that the Plaintiff's renewed Motion for Default Judgment [Docket No. 12] is **GRANTED, in part, and RESERVED, in part**; and it is further

**ORDERED** that the Defendants shall pay Plaintiffs the total amount of $400,000 to cover willful infringement of four trademarks and two patents as determined by this Court's February 11, 2016 Order [Docket No. 11]; and it is further

**ORDERED** that, pursuant to 35 U.S.C. § 284, the damage award shall be trebled to account for Defendants' willful infringement, making the total amount of statutory damages due to Plaintiffs from Defendants equal $1.2 million; and it is further

**ORDERED** that, pursuant to 15 U.S.C. § 1117(a) and 26 U.S.C. § 285, Plaintiffs are entitled to reasonable attorney's fees and costs; and it is further

---

[1] The Court is aware that counsel for the Plaintiffs have frequently telephoned the Chambers of this Court to inquire as to the status of the Court's decision, at times within days of the motion's return date. The Court assures counsel for the Plaintiffs that it is working as diligently as it can to address the hundreds of motions pending before the Court.

3

**ORDERED** that an award of reasonable attorney's fees and costs is **RESERVED** pending one last submission by Plaintiffs; and it is further

**ORDERED** that, on or before June 23, 2016, Plaintiffs shall submit to the Court sufficient evidence of the attorney's fees and costs incurred to date in connection with this matter, which the Court will consider in awarding Plaintiffs reasonable attorney's fees and costs.  In the event that Plaintiffs do not provide the Court with sufficient evidence to support its request for attorney's fees and costs, attorney's fees and costs will be denied with prejudice and the Court will direct the Clerk of the Court to close the file.

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE